J. AND J. M. PFAU, Plaintiffs in Error, v. L. H. LORAIN AND
JAMES CONLISK, AS L. H. LORAIN & Co., Defendants in
Error.

In an action against joint contractors, a judgment in favor of one operates
as a discharge of the other.

A. & B., partners as A. & Co., were sued on a partnership contract. B.
answered, and A. was in default. The court below held the contract to
be illegal, and gave judgment in favor of B., but judgment by default
against A. *Held*, it was error to discharge one and not both.

Suit for $1,339.78, price of liquors furnished defendants
at their request. The defendants were keepers of a gam-
bling house, and the liquors were used there as an accom-
paniment of their business. One of the defendants
answered and one was in default. Both, however, had
been served with process, and both testified.

The judge at Special Term gave judgment for the de-
fendant who answered, and judgment by default against
the other, to which the plaintiffs excepted.

*Forrest & Lindemann*, for plaintiffs in error.

*Hoadly, Jackson & Johnson*, contra.

STORER, J., gave the opinion of the court.

The plaintiff claims that there is error in the record in
this case, committed by the judge who tried the case at
Special Term, in this: 1st, that judgment was rendered
against one defendant and in favor of the other, when the
cause ·of action was joint, against both as partners; 2d,
that the judge finding the liquors were to be used as part
of the *modus operandi* of a gambling house, on that ground
gave judgment for the defendant who had answered,
and judgment for the whole amount claimed against the
other, who was in default.

In thus deciding, we think the court below erred. The

action was against joint contractors upon the same contract. If one could not be held liable, the other must be permitted to go without day.

It is the duty of the judge, whenever it appears that the cause of action is founded upon an illegal consideration, to dismiss the case. The law will not permit such an agreement to be enforced, nor will it lend its aid in any manner to the plaintiff who seeks to recover thereon. It does not depend upon the willingness of either defendant to permit judgment to be rendered against him, if it is evident that the claim asserted had no legal foundation.

Whenever it is sought to enforce such a demand, and it is clear it comes within the prohibition we have stated, it is the duty of the court to withdraw the case from the jury and non-suit the plaintiff. It can not be permitted that any distinction should be made between the debtors. If the foundation of the suit is opposed to good morals or is in violation of a statute, there can be no recovery, however willing the defendant may be to admit his liability; for the question at issue is not his assent to an alleged contract, but rather whether the contract can be enforced by legal remedies.

Other questions have been argued, but we do not think it necessary to pass upon them. As the judgment was not rendered against both parties defendant, it must be reversed, and the cause remanded.

HAGANS, J., dissented.

One of the defendants answered and the other is in default. There can be no such thing as a legal partnership in an unlawful or immoral business. The facts were found by the judge at Special Term to be, that the plaintiffs knew that the establishment kept by the defendants was a gambling house, as well as the uses to which the liquors sued for were to be put. The plaintiffs admit they knew the reputation of the house; and from the amount and kind of liquors furnished this house, as appears by the

petition, they are chargeable with knowledge. Besides, there was no pretense that they did not know that the defendants were not general dealers in this class of merchandise.

In *Pearce* v. *Brooks*, 1 Excheq. L. R. 213, it was determined by the whole court, that where an ornamental brougham was furnished the defendant, who was a strumpet, to be used for an immoral purpose, as part of a display merely, the plaintiff was chargeable with knowledge under the circumstances; and there was judgment for the defendant. The question of knowledge was left to the jury in that case as the same question was left to the judge below in this; and the court in that case refused to set aside the verdict of the jury, as I think the finding of the judge below, in this case, on the testimony, ought not to be disturbed.

It is a fact of common notoriety that liquors are used in gambling houses not merely as a display, but as one of the most important adjuncts of that business, and so intimate an accessory, that it is not carried on without them in our large cities.

While such a holding may work a hardship on these plaintiffs by the loss of the price of these liquors, still if they choose to run the hazard of such transactions, it will be only the result of their own act, and they can not complain.

One of the defendants was in default, and judgment was rendered against him for the whole amount. No exception was taken thereto by him, and he is not here complaining of that judgment. Nor is the plaintiff complaining either. I do not think the court *mero motu* ought to reverse that judgment though the cause of action is illegal. But at all events, if that judgment is reversed, I think this court, proceeding to render such judgment as the court below ought to have rendered, should render judgment in favor of this defendant also.

Judgment reversed and cause remanded.